W. J. DONNELL LUMBER COMPANY, TRADING AS I-DEAL LUMBER AND COAL COMPANY, RESPONDENT, v. JESSIE M. CONNOR AND BROWN INVESTMENT COMPANY, INCORPORATED, MORTGAGEES, IMPLEADED, APPELLANTS.

Argued January 30, 1931—Decided August 1, 1931.

Before GUMMERE, CHIEF JUSTICE, and Justices TRENCHARD and LLOYD.

For the appellants, *Quinn, Parsons & Doremus.*

For the respondent, *Edwin P. Longstreet.*

PER CURIAM.

The owner and a mortgagee appeal from a judgment in favor of a mechanics' lien claimant entered in the Circuit Court of Monmouth county. The grounds of appeal are (1) that the trial court erroneously permitted the plaintiff at the trial to amend the bill of particulars upon which suit was based; (2) that the trial court erroneously refused to grant a nonsuit; (3) that the trial court erroneously refused to direct a verdict in favor of the defendant, and (4) that the trial judge erroneously charged the jury that the plaintiff had apportioned among the buildings all material to each building.

The first of these seems not to be argued. In support of the motion for nonsuit and direction the appellants contend that there was not a proper apportionment of the claim, and that there was not adequate proof that the materials set forth in the claim were actually delivered to and incorporated in the building.

The original amount of the plaintiff's claim was $6,900 and it appears that there were six houses altogether involved in the construction and to which the materials were furnished. The lien claim set forth that the materials for which the present claim was made had been furnished for three houses; that the value was $3,383.71, of which $3,300 was still due, and this balance was apportioned among the three buildings against which the lien was filed. It appeared that three buildings had been released upon proportional payments.

Section 22 of the Mechanics' Lien act declares that when materials or labor are furnished to buildings being constructed by the same person it shall be lawful for the persons furnishing the labor or material to "divide and apportion the same among the said buildings in proportion to the value of the materials furnished to and labor performed for" the buildings, and "if the person * * * who shall have furnished such material or labor shall have released his or their lien claim against any one or more of such buildings * * * such release * * * shall not affect or impair the lien or claim * * * against the buildings * * * not so released."

The plaintiff was entitled under this section to apportion a proper balance against the three houses. The contention that the apportionment was not an equitable distribution of the plaintiff's claim was a proper one for the consideration of the jury but would not be a basis of nonsuit or direction. *Crane* v. *Brighton Mills*, 98 *N. J. L.* 308.

As to the delivery of the materials, there was ample proof that they were delivered; many of the receipted tickets were identified by the contractor, others were identified as the signatures of men employed by him. These tickets and receipts were all received in evidence and the only objection

was that the witness had not been able to identify all of the signatures. The builder testified to the use of the materials in the buildings, and the shipping clerk of the plaintiff testified to the accuracy of the tickets as connected with the materials.

The judgment is affirmed, with costs.